## TOOTHAKER V. MOORE.

1. REVIEW OF EVIDENCE. The Supreme Court may review the finding of the court below upon the evidence, as upon a motion for a new trial. This will not be done however, when the entire evidence is not presented in the record.
2. SCHOOL TAX. The liability of a tax-payer to pay a school tax, commences when the tax is levied by vote of the district, in accordance with law.

*Appeal from Lee District Court.*

FRIDAY, OCTOBER 28.

REPLEVIN. The defendant, as secretary of school district No. 8, in Charlestown township, Lee county, seized a yoke of oxen by virtue of a warrant duly issued to collect a school tax that had been levied upon the property of plaintiff. The plaintiff brought his action of replevin to recover the property. Judgment was rendered *pro forma* by the justice, for the plaintiff. In the District Court this was reversed, and judgment rendered for the defendant. Plaintiff appeals. The other facts necessary to an understanding of the case, are presented in the opinion of the court.

*F. Semple*, for the appellant.

Toothaker v. Moore.

*J. M. Beck*, for the appellee cited *Rosseau* v. *Fine*, 1 Iowa 98; *Davis* v. *Moffat*, 4 G. Greene 92; *Dunham* v. *Benedict*, 1 Ib. 74; *Mackemer* v. *Benner*, Ib. 157; *Hemphill* v. *Sallady*, Ib. 301.

WOODWARD, J. — This court is not confined to a review of the decision of the District Court upon certain facts found, but it will review the finding upon the evidence, as upon a motion for a new trial, because the verdict is against the evidence; but in this case the whole of the evidence must be presented. And in the present case we understand that it is so. Ordinarily the court has required, for such a case, that it should appear by express terms, that all the evidence is embraced in the bill of exceptions; and either this or something equally satisfactory, should appear. In the case at bar the bill of exceptions is, in effect, a case stated containing (with one deposition embraced in it,) all the facts which might be supposed proved in such a case.

The parties agree upon all the facts, except perhaps one, and evidently aim at the single question of law—when does a school house tax become a lien on property, and was it such in their case.

To give the agreement the construction contended for by the defendant, would take away the plaintiff's case. It is more consistent to understand it in the more general sense; that the property was taxable property; that it was such as was subject to taxation; for to take it in the sense that it was subject to this tax, is contrary to the intent and meaning of the action itself, and cuts off the very question which the plaintiff seeks to try.

The action is replevin to recover certain cattle levied upon by the secretary of school district No. 8, in Charlestown township, in Lee county. The plaintiff contends that the property was not subject to the tax, or that he was not liable for it.

On the 4th May, 1857, the district voted a tax to build a school house. At that time the plaintiff lived in the district,

and attended the meeting, and voted for the tax. He had owned a farm worth about $4,000, and a number of cattle and horses. It is not stated upon what property the tax was levied, but from the amount, and other circumstances, we infer that it was upon both the realty and the personalty. The plaintiff sold his farm, and soon after, the 4th May, went to Kansas with one son and a large portion of his cattle and horses. He left the remainder of his family, who on the 27th May, went into Van Buren county, to remain till his return for them. His wife was in the above school district in July following, but without any intent of remaining, and returned to Van Buren during that month. A few head of cattle and horses remained in the district. It is further in evidence that the plaintiff went to Kansas to obtain land and make a·home ; and that he did make two claims and some improvements ; that he designed to return for the remainder of his family when he had prepared a home for them, and that he did so return in the autumn, at which time the cattle were levied on. These were a part of those which he drove to Kansas when he first went, he having driven them back to take away his family and goods.

The abstract of the last previous assessment roll of the county (as directed by the Code, section 1130, et seq.) was obtained by the secretary on the 8th August, 1857. The plaintiff makes the question, whether, under these facts, he is liable for the tax. He claims that it had not become a lien before he left.

In reference to the state and county taxes, the time for the assessment is fixed and uniform. If one leaves one township, or county, and removes to another in the state, before that time, he is assessed in that to which he goes. Code, section 460. But if he should change his residence after the assessment, and be held exonerated, then he would not pay in that which he left, nor be assessed in that to which he went, and thus he would avoid his proper portion of the public burden. The period of assessment, in that case, therefore, is that which fixes his liability.

In the case of a school house tax, what answers to the assessment in the state and county taxes? The steps are the following: the district votes the tax, or a sum of money to be raised; then the secretary obtains an abstract of the last county assessment roll, as far as it relates to that district, and then the secretary assesses and collects the amount. This *assessment* by the secretary can be nothing more than the *apportionment* of the *rate* upon the property.

There is nothing analogous to the levying of a tax by the county judge, unless it be in the vote of the district. And as the amount which may be levied by the district is limited to one, and one half of one per cent, it must be the vote of the district meeting that levies the tax, or its rate. Neither the board of directors nor any other body nor persons, has any farther act to do toward levying the tax, and we conclude that upon the vote of the district, the tax becomes a liability, and therefore that the plaintiff is subject to pay it.

There is no question made respecting any different kinds of property, such as the real and personal; nor is there any respecting the liability of the purchaser of the real estate.

The judgment is affirmed.